IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID ALLAN ANDERSON,

    Petitioner,
v.                                            Case No. 5:18cv272-MCR/CAS

MARK S. INCH, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about November 6, 2018, Petitioner David Allan Anderson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 9, 2019, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner David Allan Anderson indicates he challenges his conviction and sentence entered June 18, 2018, by the Fourteenth Judicial Circuit, Washington County, Florida, following his entry of a nolo contendere plea in case number 2017-CF-543.  ECF No. 1 at 1.  He also indicates he challenges a federal conviction and sentence entered November 2, 2017, by the U.S. District Court for the Northern District of Florida in case number 3:17cr54-RV.  *Id*.  In particular, from the exhibits provided by Respondent with the motion to dismiss, on November 2, 2017, following Anderson's entry of a guilty plea, the federal court sentenced him in case 3:17cr54 to concurrent terms of 267 months and 120 months, to run "concurrent with any sentence to be imposed by the circuit court of

Washington County, Florida, in case #17CF210, and Jackson County, Florida, in case #17CF319." Ex. G at 2.[1]

Sometime between December 17 and 18, 2017, Anderson escaped from the Washington County Jail, where he had been jailed awaiting disposition of his pending state charges in Washington County Circuit Court case number 2017-CF-210. Exs. A, B. By information filed January 29, 2018, the State of Florida charged Anderson with escape, contrary to sections 944.40 and 951.24(4), Florida Statutes, in Washington County Circuit Court case number 2017-CF-543. Ex. B. On June 18, 2018, pursuant to a negotiated plea agreement, Anderson entered a plea of nolo contendere to the escape charge and he was sentenced, in accordance with the agreement, to five (5) years in prison. Exs. C, D. The written judgment and sentence, rendered June 19, 2018, specifically provides that Anderson receive credit for 161 days' time served and, further, that the sentence shall run "**CONSECUTIVE TO WASHINGTON COUNTY CASE**

---

[1] Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 11.

**17-210CF AND CONCURRENT WITH FEDERAL SENTENCE**." Ex. D.

Anderson did not appeal this judgment and sentence.

As indicated above, Anderson filed this § 2254 petition on or about November 6, 2018. ECF No. 1. He raises two grounds: (1) he is being detained illegally in state custody as he was first sentenced in federal court and then sentenced in state court, with the sentences to run concurrently, thus he should be transferred to federal custody to serve the first-imposed sentence, *id*. at 5; (2) he received ineffective assistance of counsel because counsel did not properly inform him that "he did not score out to prison time" and also told him that his state sentence would run concurrent with his federal sentence while in federal custody, and if counsel had properly informed him, he would not have entered the plea, *id*. at 7.

On July 9, 2019, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 11. Respondent asserts Anderson's first ground is not cognizable in federal habeas and the second ground is unexhausted with an available state court remedy. *Id*. at 4.

Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 10.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

For claims of ineffective assistance of counsel (IAC), the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was

unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

## Ground 1:  Detention in State Custody

In his first ground, Anderson asserts he is being detained illegally in state custody because he was sentenced first in federal court and then sentenced in state court, so he should be transferred to federal custody. ECF No. 1 at 5.  This argument, even assuming it should be considered in federal habeas, lacks merit.  As Respondent indicates, when the federal court sentenced Anderson, the federal court had "borrowed" him from state custody pursuant to a writ of habeas corpus ad prosequendum.  See ECF No. 11 at 5; Ex. G.  See also, e.g., Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another

jurisdiction for criminal proceedings in the receiving jurisdiction."). Thus, the State of Florida retained primary jurisdiction over Anderson and he is not being detained illegally in state custody.

### **Ground 2: IAC – Plea**

In his second ground, Anderson asserts his attorney did not properly inform him about his eligibility for prison time and whether his state and federal sentences would be concurrent, and if his attorney had properly informed him, he would not have entered the plea. ECF No. 1 at 7. As both Anderson and Respondent indicate, however, Anderson has not exhausted this claim in state court. *See id.*; ECF No. 11 at 6.

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, Petitioner can file a motion pursuant to Florida Rule of Criminal Procedure 3.850, the appropriate method to raise a state claim of ineffective assistance of counsel. *See* ECF No. 11 at 6. Nothing indicates Petitioner exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, Rose v. Lundy, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court

remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.").

## Concluson

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether

a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 11) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.